52 F.3d 327
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Robert J. SMITH, Defendant-Appellant.
 No. 95-3289.
 United States Court of Appeals, Sixth Circuit.
 April 7, 1995.
 
 Before: KEITH, MARTIN, and GUY, Circuit Judges.
 
 ORDER
 
 1
 The defendant appeals the district court's order which continues his detention pending his trial on charges of possession of cocaine with intent to distribute, use of a firearm in relation to a drug trafficking offense, and possession of firearms by a felon. Now before the court are the briefs of the defendant and the government. The panel is in unanimous agreement that oral argument is not necessary. Fed.R.App.P. 34(a); Sixth Circuit Local Rule 9(b).
 
 
 2
 According to the provisions of 18 U.S.C. Sec. 3142(e), a defendant shall be detained pending trial if, after a hearing, the judicial officer finds that no condition or set of conditions will assure the defendant's appearance and the safety of the community. Subject to rebuttal by the defendant, there is a presumption in favor of pretrial detention if the judicial officer finds there is probable cause to believe that the person committed an offense for which a potential maximum term of ten years or more is prescribed by the Controlled Substances Act, 21 U.S.C. Sec. 801 et seq. See 18 U.S.C. Sec. 3142(e). The defendant concedes that this presumption is invoked, but argues that the district court erred in ordering his continued detention even though he found that the defendant had demonstrated he was not likely to flee.
 
 
 3
 We find no error. The statute governing pretrial release requires the judicial officer to make findings not only that the defendant is not likely to flee, but also that the defendant does not pose a danger to the community. The district court's conclusion that the defendant did not dispell the presumption of danger is supported by the record. See United States v. Hare, 873 F.2d 796 (5th Cir.1989).
 
 
 4
 Therefore, the district court's order of February 21, 1995, detaining the defendant pending trial is hereby AFFIRMED. Sixth Circuit Local Rule 9(b).